W. P. MONTGOMERY v. MARY A. NULTON *et al.*

EJECTMENT — *Cross-Petition — Cause of Action.* In an action of ejectment, where M., who is not one of the original parties to the action, but becomes a party, and by leave of court files a cross-petition showing that at a period prior to the commencement of the suit the plaintiffs were the absolute.owners of the land in controversy; that at that time they sold and contracted in writing to convey the land to him for $200 and certain other considerations; that he has tendered the cash payment and is performing the other conditions according to the terms of the contract, and that plaintiffs have refused to convey, the cross-petition contains a cause of action against the plaintiffs. And when, in addition to such matters, the cross-petition alleges that the defendants claim an interest in the land in contro-

versy under a certain sheriff's deed, and also under a quitclaim deed from the plaintiffs, and avers that the sheriff's deed under which the defendants claim is void, and that their purchase from the plaintiffs, evidenced by the quitclaim deed, was subsequent to his purchase from the plaintiffs, and that the defendants had full knowledge of his prior purchase when they purchased of the plaintiffs and took their quitclaim deed, *held*, that such cross-petition states a cause of action against the defendants.

*Error from Ellis District Court.*

THE facts sufficiently appear in the opinion.

*Montgomery & Harris*, for plaintiff in error.
*David Rathbone*, for defendants in error.

Opinion by STRANG, C.: Action for specific performance and possession of land. E. M. Whyler settled upon the south half of the southwest quarter of section 2, township 14, range 18, in Ellis county, Kansas, under the homestead laws of the United States. April 29, 1882, he obtained a patent for said land. On or about November 24, 1879, E. M. Whyler contracted a debt to Kreuger & Kreuger, upon which judgment was obtained, execution issued thereon, and a levy made upon the said homestead of E. M. Whyler, which was sold and a sheriff's deed therefor executed to the purchaser, Mary A. Nulton, who, with her husband, Jonah Nulton, went into possession of the land. Afterward, on the 1st day of October, 1887, E. M. Whyler and Ellen M. Whyler, his wife, sold and agreed to convey said land to W. P. Montgomery for $200, and the further consideration that said Montgomery should, at his own expense, clear the title of said land from the cloud thereon, arising from the sheriff's deed aforesaid. November 11, 1887, Montgomery commenced a suit in the name of E. M. Whyler and Ellen M. Whyler against Mary A. Nulton and Jonah Nulton to recover the possession of the land. While this suit was pending, and before it came to trial, the defendant Mary A. Nulton purchased from plaintiffs Whyler and Whyler their interest in the land, paying them therefor $300 and some costs, and took a quitclaim deed. Then

41 — 45 KAS.

Montgomery, by leave of court, filed a cross-petition setting up his claim to the land under his contract with the Whylers, and alleged that Mary A. Nulton had full knowledge of said contract when she purchased the interest of E. M. Whyler and Ellen M. Whyler, and that she took said land subject to his rights under his contract, and prayed for specific performance, and for the possession of the land. May 7, 1888, E. M. Whyler and Ellen M. Whyler dismissed their action against the Nultons, and the Nultons filed a demurrer to the cross-petition of W. P. Montgomery, alleging several grounds therefor, none of which require any notice except the fourth, which is as follows: "The cross-bill does not state facts sufficient to entitle said W. P. Montgomery to intervene herein, or to constitute a cause of action against the defendants, nor against Whyler and Whyler." The cross-petition alleges that E. M. Whyler settled upon the land in question under the homestead laws of the United States, and obtained a patent from the government therefor April 29, 1882; that on the 1st of October, 1887, and while the said E. M. Whyler and Ellen M. Whyler were the absolute owners in fee of said land, they sold and agreed in writing to convey the same to him, W. P. Montgomery, for the price and conditions therein named; that he had tendered the price of the land, and was performing the other conditions of his contract according to the terms thereof; that the defendants, the Nultons, claim an interest in the land by virtue of a certain sheriff's deed, and also under a quitclaim deed from the Whylers; that the sheriff's deed under which they claim is void because the judgment and sale upon which such deed was based were founded upon a debt contracted by E. M. Whyler before he became entitled to a patent to the land from the government; and that the quitclaim deed was obtained by the Nultons after the Whylers had sold the land to him, and with a full knowledge on their part of his contract, and his rights thereunder. He then prays for specific performance of the contract, and recovery of the possession of the land, and attaches a copy of his contract to the cross-petition.

We think the cross-petition states a cause of action, both against the plaintiffs and the Nultons, the defendants; and that the cross-petitioner may ask for specific performance and a recovery of the possession of the land in the same action. The defendants in error insist that the contract between the Whylers and Montgomery, on which Montgomery relies in this case, is champertous and void. By this contract, in consideration of the land therein described, the land in controversy in this case, Montgomery agrees to pay the Whylers the sum of $200 in cash, and in addition thereto, to commence proceedings to quiet the title to said land, and pay the expense of such proceedings. We think this is a simple contract, as legitimate as though he had agreed to pay $200 for a quitclaim deed, and then had instituted proceedings to quiet title to the land. Counsel ask, What was Montgomery to get if he failed to secure the title to the land? and answer by saying, Nothing. Nor would he have got anything if he had taken a quitclaim and afterward failed in a suit to recover the land. The fact that Montgomery was a lawyer and agreed to quiet the title at his own expense, we think was nothing more than an agreement to pay $200, and whatever the expense of quieting the title to the land was, in addition to the $200, for the land.

It is therefore recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.